## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| MANUEL R. GARCIA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-2671 JAR/JPO |
| | ) | |
| | ) | Division_____ |
| ADVANTAGE METALS RECYCLING LLC | ) | |
| | ) | REQUEST FOR JURY |
| Defendant. | ) | TRIAL |

### COMPLAINT FOR DAMAGES

Plaintiff, Manuel Garcia ("Plaintiff"), brings this Complaint for Damages against

Defendant Advantage Metals Recycling LLC and alleges and states as follows:

### Parties and Jurisdiction

1. Plaintiff is a male citizen of the United States, residing in Lenexa, Johnson County,

   Kansas.

2. Defendant, Advantage Metals Recycling LLC ("AMR"), is a Limited Liability

   Corporation organized under the laws of Delaware. At all relevant times, Defendant

   was authorized to conduct business in the state of Kansas and was doing business in

   the state of Kansas. Defendant is an "employer" within the meaning of the Americans

   with Disabilities Act as Amended, 42 § 12111(5) ("ADAAA").

3. At all relevant times Defendant, AMR, has maintained and operated a place of

   business at 1153 S 12th Street, Kansas City, KS 66105.

4. Defendant employed Plaintiff at their 1153 S 12th Street, Kansas City, KS 66105

   location in Johnson County, Kansas, from April 23, 2012, until June 1, 2012.

5.  Jurisdiction and venue are proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1367(a).

## Administrative Procedures

6.  On or about July 2, 2012, Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant on the basis of Plaintiff's disability (attached as Exhibit 1 and incorporated herein by reference).

7.  On or about October 11, 2012, the EEOC issued to Plaintiff his Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference) and this lawsuit was filed within 90 days of the issuance of the EEOC's Notice of Right to Sue.

8.  The aforesaid charge of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC investigation, which could reasonably be expected to have grown out of the charge of discrimination.

9.  Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## General Allegations Common to All Counts

10. Plaintiff was an employee for Advantage Metals Recycling from April 23, 2012 until June 1, 2012.

11. Plaintiff worked as a Maintenance Mechanic at the Advantage Metals Recycling facility located at 1153 S 12th Street, Kansas City, Kansas.

12. During the course of Plaintiff's employment, he never received any write-ups or disciplinary action.

13. On May 7, 2012, Plaintiff tore the meniscus tendon in his knee while climbing a forty foot ladder to clean an air vent.

14. Plaintiff is disabled pursuant to the ADAAA; because, he suffers from a permanent knee injury and Defendant regarded Plaintiff as having this disability and has a record of this disability; thus, Plaintiff is a member of a class of persons protected by the ADAAA by virtue of his disability.

15. Plaintiff's disability affects several of his major life activities, including but not limited to: walking, working, sleeping and performing manual task.

16. Plaintiff reported this torn meniscus to the plant's Safety Coordinator on May 8, 2012, during a safety meeting.

17. The safety coordinator relayed this information to the plant supervisor, Blake Hill.

18. Hill questioned Plaintiff on May 9, 2012, regarding why Plaintiff reported this incident to the safety coordinator.

19. During this conversation, Hill indicated that he was angry with Plaintiff for doing so because this report would lower the plant's safety score and prevent the plant from receiving a bonus for having no injuries within a seventy-five day period.

20. Despite being informed that Plaintiff would receive a name badge for his uniform prior to reporting his injury, Plaintiff never did receive one following the report; Plaintiff's co-workers received their name badges as scheduled; indicating to the Plaintiff that the decision was made to terminate him for reporting the injury/ disability.

21. Plaintiff requested the reasonable accommodation of temporarily being taken out of the employee rotation to clean the vents as climbing the 40 foot ladder was excruciatingly painful because of his disability/ work related injury.

22. Rather than provide the reasonable accommodation, Defendant retaliated against the Plaintiff by requiring him climb the ladder to clean the same vent that originally caused the injury four to five times per week.

23. Prior to the Plaintiff's injury this duty was rotated amongst the employees but after the injury the Defendant assigned the task only to the Plaintiff. Plaintiff dutifully followed Defendant's orders and cleaned the air vent each time he was asked.

24. Defendant terminated Plaintiff on June 1, 2012, with the given reason being that he was not cleaning the air vents properly.

## COUNT I

**Violation under ADAAA  42 U.S.C. §§ 12101 et seq. Failure to Accommodate**

25. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

26. Plaintiff is "disabled" as that term is defined by the ADAAA at all times relevant herein.

27. Plaintiff requested the reasonable accommodation of being temporarily taken out of the rotation to clean the vents.

28. The above-referenced request was a reasonable accommodation that was possible for Defendant to provide.

29. Plaintiff can perform the essential functions of his job, with or without reasonable accommodation.

4

30. Defendant refused to engage in any interactive process with Plaintiff to determine a reasonable accommodation for his disabilities.

31. Defendant terminated Plaintiffs employment.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant for economic damages, including but, not limited to: back-pay, lost benefits, front-pay, injunctive relief, compensatory damages, punitive damages, reasonable attorneys' fees and costs incurred herein, for pre- and post- judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II

**Violation under ADAAA  42 U.S.C. §§ 12101 et seq. Disability Discrimination**

32. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

33. Plaintiff has a disability and/or Defendant regards the Plaintiff as having a disability that substantially limits one or more life activities, including, but not limited to, performing manual tasks, walking, standing, and working.

34. Defendant has a record of this physical impairment.

35. Plaintiff is qualified to perform the essential functions of his job, with or without reasonable accommodation.

36. Plaintiff's disability or perceived disability was a motivating factor in the decisions to adversely alter the terms of Plaintiff's employment and to terminate his employment.

37. At all times mentioned herein, before and after, the above described perpetrators where agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions

were expressly authorized by Defendant, thus, making Defendant liable for said
actions under the doctrine of respondeat superior.

38. Defendant failed to make good faith efforts to establish and enforce policies to
prevent illegal discrimination against its employees, including disability
discrimination.

39. Defendant unlawfully and intentionally discriminated against Plaintiff based on his
disabilities and acted in bad faith by interfering with, recklessly disregarding and
denying his legal rights.

40. Plaintiff suffered adverse employment action as Defendant terminated his
employment.

41. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands
of Defendant based on her disability, in violation of ADAAA §§ 42 U.S.C. 12101 et
seq.

42. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff
has been deprived of income, as well as, other monetary and non-monetary benefits.

43. As a further direct and proximate result of Defendant's actions and/or omissions,
Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress, mental
anguish and pain, and related compensatory damages.

44. As shown by the foregoing, Defendant's conduct was willful, wanton, malicious, and
showed complete indifference to or conscious disregard for the rights of others,
including the rights of the Plaintiff, thus, justifying an award of punitive damages in
an amount sufficient to punish Defendant or to deter them and other companies from
like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III

### Violation under ADAAA  42 U.S.C. §§ 12101 et seq. Retaliation

45. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

46. Plaintiff engaged in a protected activity under the ADAAA by requesting a reasonable accommodation and reporting his disability.

47. Defendant took adverse action against Plaintiff as a direct result of Plaintiff's above request by terminating Plaintiff's employment.

48. Plaintiff's request for reasonable accommodation and/or reporting his disability was a motivating factor in Defendant's decision to take adverse employment action against Plaintiff.

49. As shown by the foregoing, Defendant retaliated against Plaintiff for asserting his rights under the ADAAA, in violation of ADAAA §§ 42 U.S.C. 12101 et seq.

50. As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of income, as well as, other monetary and non-monetary benefits.

51. As a further direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of self-esteem, humiliation, emotional distress, mental anguish and pain, and related compensatory damages.

52. As shown by the foregoing, Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from like conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants for economic damages, including but, not limited to: back-pay, lost benefits, front-pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV PLEAD IN THE ALTERNATIVE

### Wrongful Discharge - Public Policy Exception to the At-Will Employment Doctrine

53. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

54. Plaintiff sustained an injury for which he would assert a claim under the Kansas Workers' Compensation Act K.S.A 44-501 et seq.

55. Defendant had knowledge of Plaintiff's injury and the circumstances surrounding the injury.

56. The Kansas Workers' Compensation Act provides efficient remedies and protection for employees, and is designed to promote the welfare of the people of the state of Kansas.

57. To allow an employer to coerce employees in the free exercise of their rights under the Kansas Workers' Compensation Act would substantially subvert the purpose of the act.

58. Plaintiff is under information and belief that Defendant took adverse employment action against and terminated the Plaintiff to interfere with his ability to file a Workers Compensation Claim and/or for notifying the employer of his compensable work related injury under the act.

59. Plaintiff's exercise of or intent to exercise his workers compensation rights was a contributing and/or motivating factor in Defendants decision to terminate his employment.

60. As a result of Defendant's termination of Plaintiff, in violation of public policy, Plaintiff is now suffering and will continue to suffer: irreparable injury, pain and suffering, monetary damages, loss of peace of mind, loss of wages, loss of benefits, loss of opportunity, damages from garden variety emotional distress, attorney's fees and costs, all in an amount yet to be determined.

61. Defendant's treatment of Plaintiff was conducted intentionally and with willful disregard for the Plaintiff's working conditions or well-being, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants for economic damages, including but, not limited to: back-pay, lost benefits, front-pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

<u>**Demand for Jury Trial and Designation of Place of Trial**</u>

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

**PAULUS LAW FIRM, L.L.C.**

/s/ Ryan M. Paulus
Ryan M. Paulus       D. Kan # 78276

8640 N. Green Hills Rd. Ste. 42
Kansas City, Missouri 64154
Telephone (816) 581-4040
Facsimile (816) 741-8889
**Ryan.paulus@pauluslawfirm.com**

**ATTORNEY FOR PLAINTIFF**